Turley J.
delivered the opinion of the court.
In the year 1826, the legislature of this state passed an act to prevent the depreciation of Nashville Bank paper, by which provision was made,, that the notes of tlie Nashville Bank and its branches should be received at par by the state in payment of debts due from purchasers of Hiwassee and Academy lands, and also in payment of one half of any debt due to the Bank of the State of. Tennessee.
This statute makes it the express duty of the directors of the Bank of the State of Tennessee to loan out said money, as fast as it might be received, for the shortest time, and upon the best terms practicable to be repaid in sound or par funds. Session Acts of 1826.
Under the provisions of this statute, the plaintiff in error, Burton, who was a debtor to the Nashville Bank, borrowed the sum now sued for in Nashville Bank paper, and with it paid his debt to the Nashville Bank; and he now asks to be protected against the payment of the principal sum thus borrowed, upon the ground, that at the time the transaction took place, Nashville Bank paper was greatly depreciated, and the contract therefore usurious.
It may be observed, that this application comes with a bad grace. A debt has heen contracted with the Nashville Bank, when its paper was at par, and this debt was discharged by the money borrowed from the Bank of the .State at par, and no loss whatever was sustained by the transaction. Nothing then but strict law would justify us, in reversing the judgment of the court below. This, it is said, is to be found in the decisions of this court in the cases of the Nashville Bank vs. Hays, and Grundy & Lawrence vs. Morrison, 1 Yer. 243, 444; these cases determine that a loan of paper money greatly depreciated, to be repaid in sound funds is usurious.
Without questioning the authority of these cases, we do not think them applicable to the one now under considera *590 tion. The act of 1826, as we have seen, authorised and required the directors of the Bank of the State to Joan out Nashville Bank paper, to be repaid in par funds, when it could be done.
The legislature certainly had the power to pass this law, and it clearly makes that lawful, which otherwise might have been unlawful kinder the decisions before referred to. It would involve an absurdity to say, that the legislature had required the directors of the State Bank to perpetrate a crime, for which they might be indicted, and this would be the consequences of decision pronouncing a loan of Nashville Bank paper under the provisions of the act of 1826, usurious-
We are therefore of the opinion, that the contract is legal and that the plaintiffs in error have no cause of complainant against the judgment of the circuit court, which must be affirmed.